```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

STAR FINANCIAL SERVICES, INC.                            CIVIL ACTION
DBA ADVANCED ATM SERVICES

VERSUS                                                   NO. 16-12537

CARDTRONICS USA, INC.                                    SECTION "B"(2)

                            ORDER AND REASONS

Before the court is "Defendant Cardtronics USA, Inc.'s Motion for Summary Judgment" (Rec. Doc. 16), Plaintiff's "Memorandum in Opposition to Cardtronics' Motion for Summary Judgment" (Rec. Doc. 19) and "Defendant Cardtronics USA, Inc.'s Reply to Star Financial Services, Inc.'s Memorandum in Opposition to Cardtronics' Motion for Summary Judgment" (Rec. Doc. 27), **IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.

I.   FACTS AND PROCEDURAL HISTORY

The current controversy arose when Plaintiff Star Financial Services filed a complaint against Defendant Cardtronics USA Inc. (Rec. Doc. 1). The Plaintiff alleged that the Defendant breached their contract when it failed to correct inaccurate account information for two ATM machines which resulted in $250,900 in funds to be erroneously credited to a third party over a five month period (Rec. Doc. 1).

Plaintiff Star Financial Services, Inc. dba Advanced ATM Services and Defendant ATM Deployer Services, LLC entered into a

1

contract (Rec. Docs. 16-2 and 19-11). Columbus Data Services is the successor of ATM Deployer Services (Rec. Docs. 16-2 and 19-11). Columbus Data Services subsequently merged with Cardtronics (Rec. Docs. 16-2 and 19-11). Defendant Cardtronics can enforce the terms of the Agent Agreement against Plaintiff because it is a successor in interest to the Agent Agreement (Rec. Docs. 16-2 and 19-11).

Plaintiff Star Financial provides automated teller machine sales and processing services in Maryland, District of Columbia, and Virginia (Rec. Doc. 19 at 2). Plaintiff relied on a third party to process the electronic transfers initiated at its ATMs (Rec. Doc. 19 at 2). Plaintiff entered into an agreement with the Defendant whereby the Defendant would arrange to process the financial transactions that occurred at the Plaintiff's ATM machines (Rec. Doc. 19 at 2).

## II. FACTUAL AND LEGAL FINDINGS

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998).

The moving party bears the initial responsibility of informing the district court of the basis for its motion. *Celotex*, 477 U.S. at 323. The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (citing Fed. R. Civ. P. 56). If and when the movant carries this burden, the nonmovant must then go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

"[W]here the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. . . . Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted." *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citations

omitted). Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

### A. Louisiana Contract Law

Under Louisiana law in order for the Plaintiff to successfully establish a breach of contract a party must prove "(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee." *Favrot v. Favrot*, 68 So. 3d 1099, 1108-1109 (La.App. 4 Cir. 2011). Defendant alleges that Plaintiff cannot satisfy the first element of a breach of contract claim because it did not contractually undertake any of the obligations that the Plaintiff alleges the Defendant failed to perform. The Plaintiff argues that the Defendant was obligated to correct any inaccurate information regarding the ATM terminals.

The Plaintiff contends that because the Defendant did not correct the inaccurate information, the Defendant is in breach of their contract. The Defendant disagrees and references section 4.2 of the Agent Agreement. The relevant portion reads: "All settlements shall be effected through automated clearing house transfers. It is the responsibility of *the agent* to verify that all information contained in a terminal set-up form, ACH authorization, or any modification is correct and complete. ADS

4

has no responsibility to verify any such information" (Rec. Doc. 1-1) (emphasis provided).

The language of the contract is clear in that it states that the Agent, the plaintiff, and not the Defendant has the obligation to ensure that the terminal information is correct. Under Louisiana contract law, "When the words of a contract are clear and explicit and lead to not absurd consequences, no further interpretation may be made in search of the parties' intent." La Civ. Code. Art. 2046. The provisions of the Agent Agreement are clear and do not require any further interpretation regarding the parties intent.

The Plaintiff's arguments stating that this provision should not apply given the Defendant's alleged failure to properly set up the terminals is not compelling. The plain language of the contract itself does not provide such contingencies and it would be inappropriate for this Court to introduce them. A party cannot be held liable for breaching a contract on the basis of actions that it was actually never contractually obligated to perform. *Faulk v. Shell Pipeline Co., LP*, Case No. 6:16-0244, 2016 U.S. Dist. LEXIS 69480, at*8-9 (W.D. La. May 3, 2016). Further, there is no allegation of fraud in connection with the contract or execution

of the same. Summary Judgment in favor of the Defendant is appropriate[1].

New Orleans, Louisiana, this 21st of March, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Legal issues related to the propriety of damages need not be discussed given this Court's summary judgment ruling in favor of the Defendant.