UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STAR FINANCIAL SERVICES, INC.                CIVIL ACTION

VERSUS                                        NO. 16-12537

CARDTRONICS USA, INC.                         SECTION "B"(2)

## ORDER ON MOTION

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and served no later than eight days before the noticed submission date. No memorandum in opposition to plaintiff's Motion for Leave to File Amended Complaint, Record Doc. No. 44, submitted for decision on August 29, 2018 without oral argument, has been timely submitted. Accordingly, this motion is deemed to be unopposed. Nonetheless, it appearing to the court that the motion lacks merit, IT IS ORDERED that the motion is DENIED for the following reasons.

Plaintiff relies exclusively on the liberal amendment policy of Fed. R. Civ. P. 15(a) in support of its argument that leave to amend should be granted at this late date. Record Doc. No. 44-1 at pp. 6-7. However, where–as here–the court has entered a scheduling order setting a deadline for the amendment of pleadings, Record Doc. No. 12, the schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply

to the district court's decision to grant or deny leave." S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003) (emphasis added). "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003) (citing Fed. R. Civ. P. 16(b)) (quoting S & W Enters., 315 F.3d at 535); accord Giancarlo v. UBS Fin. Servs., Inc., 725 F. App'x 278, 287 (5th Cir.), petition for cert. docketed, No. 18-4 (U.S. June 29, 2018) (citing Fahim v. Marriott Hotel Servs., Inc., 551 F.3d 344, 348 (5th Cir. 2008)); U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd., 816 F.3d 315, 328 (5th Cir. 2016); Nunez v. U.S. Postal Serv., 298 F. App'x 316, 319 (5th Cir. 2008).

Plaintiff states that its proposed amendment "clarifies and provides further detail to the factual allegations of the Complaint and adds a claim that the actions of the defendant were grossly negligent." Record Doc. No. 44 at p. 1 (emphasis added). This court in its original scheduling order set a deadline of September 29, 2016 for amendment of pleadings. Record Doc. No. 12. The court granted defendant's summary judgment motion and entered judgement on March 21, 2017. Record Doc. Nos. 33, 34. Plaintiff appealed and the Fifth Circuit reversed and remanded the case to this court on March 31, 2018. Record Doc. No. 38. This court then entered a new scheduling order, which did not change or extend the already expired deadline to amend pleadings. Record

Doc. No. 40. Therefore, plaintiff must demonstrate good cause to modify the scheduling order under Rule 16(b)(4) to permit the late amendment to its complaint.

Weighing the Rule 16 factors in this case militates heavily against a finding of good cause to permit this very late amendment. Plaintiff offers <u>no</u> reason, much less a persuasive reason, for its delay in seeking to amend its complaint, nor does plaintiff establish its own diligence. <u>Giancarlo</u>, 725 F. App'x at 287-88 (citing <u>Fahim</u>, 551 F.3d at 348). Plaintiff does <u>not</u> argue that it recently discovered new information that led to the proposed amendment. The exercise of diligence in this case would have resulted in the amendment being submitted in 2016 before the amendment deadline elapsed or even during the following five and one-half months before summary judgment was granted. The clarified details of plaintiff's breach of contract and negligence claims are not important. Plaintiff does not contend in its memorandum or the proposed complaint that the addition of its new claim of gross negligence would entitle it to any additional damages or relief of any kind.

As to prejudice, the discovery deadline has now expired, defendant has a dispositive motion pending, and the final pretrial conference and trial dates are only one and two months away, respectively. Defendant is prejudiced in its motion practice and trial preparation if this amendment to add a new claim is permitted at this late date. Prejudice may occur "if an added claim would require the defendant to reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court."

Smith v. EMC Corp., 393 F.3d 590, 596 (5th Cir. 2004). The addition of a new claim under a different legal theory, even though based on the same transactions and occurrences, when the discovery deadline has lapsed and only a month remains before the final pretrial conference, causes undue prejudice. Whether a continuance is available to cure the prejudice is a matter for the district judge to decide, if requested to do so or sua sponte. See Fed. R. Civ. P. 56(d).

Accordingly, the motion is denied. If the current trial date and discovery deadlines are continued for any reason, this motion may be promptly resubmitted, if the Rule 16 factors are addressed by movant.

New Orleans, Louisiana, this ____29th____ day of August, 2018.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　JOSEPH C. WILKINSON, JR.
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE